IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN LOMBARDOZZI, *Individually and On behalf of all other similarly situated persons,* | ) ) ) | |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | **Collective Action and Class Action** |
| ALLSCRIPTS HEALTHCARE, LLC | ) ) | |
| Defendant. | ) ) ) | Jury Trial Demanded |

Plaintiff, BRYAN LOMBARDOZZI, by and through his attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, and CRAWFORD & CRAWFORD, LLP, ATTORNEYS AT LAW, upon information and belief, complains as follows:

**INTRODUCTION**

1.      Plaintiff, individually and on behalf of all other similarly situated current and former "Senior Database Administrators" working for Defendant, brings this action against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4 ("NCWHA") for failure to pay wages due and owed for hours worked in excess of forty (40) hours per workweek, and seeks to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. **Defendants have required Plaintiff and other similarly situated employees to work more than forty (40) hours a week, but have not paid them overtime wages for all the hours they worked over forty (40) in a week**.

-1-

## JURISDICTION AND VENUE

2.     Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. § 216 (b)).

3.     The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

4.     The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as such claims are derived from a common nucleus of operative facts.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant resides within the Eastern District of North Carolina in that it regularly conducts business within this judicial district.

## PARTIES

6.     At all times material, Plaintiff BRYAN LOMBARDOZZI ("LOMBARDOZZI") was a resident of Wake County and the State of North Carolina.

7.     Plaintiff LOMBARDOZZI, both individually and on behalf of all other similarly situated persons, are also collectively referred to as "Plaintiffs."

8.     The term "Plaintiff LOMBARDOZZI and other Plaintiffs" refers collectively to Plaintiff LOMBARDOZZI and all persons who were employed as "Senior Database Administrators" by Defendant during the past six (6) years and were not paid overtime for hours worked in excess of forty (40) hours per week.

9.     Upon information and belief, Plaintiffs were regularly engaged by Defendant to work more than forty (40) hours in a week without being paid the overtime premium pay for all the hours they worked in excess of forty (40) in a week, as required by the FLSA and the NCWHA.

10.     Plaintiffs were engaged in commerce while working for Defendant.

-2-

11. At all times relevant hereto, Defendant ALLSCRIPTS HEALTHCARE, LLC ("ALLSCRIPTS"), was a domestic limited liability company, duly authorized and existing by virtue of the laws of the State of North Carolina, with its principal office located at 222 Merchandise Mart Plaza, Suite 2024, Chicago Illinois, 60654, and a principal place of business located at 8529 Six Forks Road, Raleigh, North Carolina, 27615.

12. That at all times relevant hereto, Plaintiff LOMBARDOZZI was a full-time employee of Defendant ALLSCRIPTS.

13. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendant ALLSCRIPTS is liable as an "employer" under the FLSA.

14. At all times material, Defendant ALLSCRIPTS did, and continues to do, substantial business in North Carolina, and engage in commerce or the production of goods for commerce within the meaning of the FLSA.

15. Upon information and belief, for each of the three (3) years preceding the filing of the initial complaint herein, Defendant ALLSCRIPTS has employed two (2) or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

16. Upon information and belief, Defendant ALLSCRIPTS grossed more than $500,000.00 in the past fiscal year.

## THE FLSA CLASS

17. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be

asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

18. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendant ALLSCRIPTS as "Database Administrators" or "Senior Database Administrators" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

19. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendant, but upon information and belief, there are over one hundred members of the Class during the Class Period.

20. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendant failed and/or refused to pay Plaintiffs at a premium overtime rate for all hours worked in excess of forty (40) per workweek within the meaning of the FLSA.

21. The claims of Plaintiff LOMBARDOZZI are typical of the claims of the Class. Plaintiff LOMBARDOZZI will fairly and adequately protect the interests of the Class.

22. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a large corporate defendant.

23. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

-4-

24. At all times relevant to this action, Plaintiff LOMBARDOZZI and other Plaintiffs were employed by Defendant within the meaning of the FLSA.

25. At all times relevant to this action, Plaintiff LOMBARDOZZI and other Plaintiffs engaged in commerce and/or Defendant was an enterprise engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

26. At all times relevant to this action, Defendant transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question.

27. At all times relevant to this action, Defendant willfully failed to pay Plaintiff LOMBARDOZZI and other Plaintiffs at the premium overtime rate for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207.

28. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiff LOMBARDOZZI and other Plaintiffs are entitled to recover from Defendant their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## THE RULE 23 CLASS

29. Plaintiff LOMBARDOZZI also brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

30. The class of eligible Plaintiffs consists of all persons who worked for Defendant as "Senior Database Administrators" and "Database Administrators" at any time from six (6) years prior to the filing of this case to entry of judgment in this case, and who were classified by Defendants as exempt employees within the meaning of the NCWHA ("Rule 23 Class").

-5-

31. As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are numerous members of the Rule 23 Class.

32. The claims of Plaintiff LOMBARDOZZI are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

33. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Plaintiff LOMBARDOZZI is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

35. Plaintiff LOMBARDOZZI has the same interests in this matter as all other members of the Rule 23 Class and Plaintiff LOMBARDOZZI's claims are typical of the Rule 23 Class.

36. There are common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting the individual members of the Rule 23 Class, including but not limited to:

a. Whether Defendant employed the members of the Rule 23 Class within the meaning of the North Carolina Wage and Hour Act and the FLSA;

b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c. Whether Defendant failed and/or refused to pay the members of the Rule 23 Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the North Carolina Wage and Hour Act and the FLSA;

d. Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

e. Whether Defendant should be enjoined from such violations of the North Carolina Wage and Hour Act and the FLSA in the future.

37. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendant, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

38. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendant who oppose the Rule 23 Class.

39. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the

-7-

Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedure that violate the North Carolina Wage and Hour Act.

## **<u>MATERIAL FACTS RELEVANT TO CLASS AND COLLECTIVE ACTION</u>**

40. Plaintiff LOMBARDOZZI and other Plaintiffs were all employed by Defendant as "Senior Database Administrators." Plaintiff started working for Defendants on June 20, 2011.

41. The work performed by Plaintiff LOMBARDOZZI and other Plaintiffs required no capital investment.

42. Throughout Plaintiff LOMBARDOZZI's tenure, Defendant required Plaintiff LOMBARDOZZI and other Plaintiffs to regularly work in excess of forty (40) hours per workweek.

43. However, Defendant **willfully failed to pay Plaintiff LOMBARDOZZI and other Plaintiffs any overtime compensation (one and one-half times their regular hourly rate) for hours worked over forty (40) per week, in violation of the FLSA and the NCWHA.**

44. By way of example, as the first Database Administrator assigned to a project called "Meaningful Use," Plaintiff LOMBARDOZZI performed day to day work, production support, and was on call all day every day, including weekends. Plaintiff LOMBARDOZZI regularly worked 70 – 90 hour weeks, including required weekend work.

45. During Plaintiff LOMBARDOZZI's employment with Defendant, other employees on his team either quit due to the overwhelming time requirements of the position, or were fired within three or four months. Plaintiff LOMBARDOZZI had at least four (4) managers during his time with Defendant. Plaintiff LOMBARDOZZI reported the excess of hours to each manager, but Defendant never changed its policy. Due to the high turnover,

Plaintiff LOMBARDOZZI became the only Senior Database Administrator with full knowledge of the "Meaningful Use" project.

46. The Director refused to move Plaintiff LOMBARDOZZI to another group, despite promises to the contrary, thus forcing him to continue his pattern of working 70 – 90 hours per week for approximately twenty (20) months.

47. Plaintiff LOMBARDOZZI's initial starting salary was $95,000 per year, with a raise to $96,425 during his employment. Defendant did not consider him eligible for a bonus, and thus he never received one.

48. Due to the unreasonable and excessive time demands placed on Plaintiff LOMBARDOZZI by Defendant ALLSCRIPTS, Plaintiff LOMBARDOZZI gave notice, and left his employment on January 31, 2012.

49. As Plaintiff LOMBARDOZZI was a non-exempt employee, he should have been paid time and a half his regular hourly rate for each additional overtime hour that Plaintiff LOMBARDOZZI worked that week.

50. However, Plaintiff LOMBARDOZZI's paychecks from Defendant were for his regular salary. **This meant that Defendant was unlawfully paying Plaintiff LOMBARDOZZI for only forty (40) hours, and failed to pay Plaintiff LOMBARDOZZI for the extra hours that he worked at a rate of one and one-half times his regular hourly rate**.

51. Plaintiff LOMBARDOZZI and other Plaintiffs have not been paid a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each week.

52.     Plaintiff LOMBARDOZZI has regularly worked in excess of forty (40) hours a week, yet Defendant willfully failed to pay Plaintiff LOMBARDOZZI any overtime wages for hours worked over forty (40) per week, in violation of the FLSA and the NCWHA.

53.     In fact, regardless of the number of hours Plaintiff LOMBARDOZZI and other Plaintiffs work each week, Defendant always paid the same amount to each Plaintiff each week.

54.     Each employee who worked on "Meaningful Use" ended up working substantially more than forty (40) hours per week, and yet remained uncompensated for it.

55.     Upon information and belief, as many as eighty percent (80%) of Database Administrators and Senior Database Administrators under Director Aaron Vanatta work more than forty (40) hours per week.

56.     Defendants violated the FLSA and the NCWHA by not paying Plaintiff LOMBARDOZZI and other Plaintiffs for overtime work as required.

57.     Defendant's failure to pay Plaintiff LOMBARDOZZI and other Plaintiffs the proper wages required by law was and is willful.

58.     Throughout all relevant time periods, upon information and belief, Defendant also failed to post in a conspicuous place at the workplace and/or to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NCWHA.

59.     Throughout all relevant time periods, upon information and belief, Defendant also failed to maintain accurate and sufficient time records of the regular and overtime hours the Plaintiffs worked.

60.     Defendant deprived Plaintiff LOMBARDOZZI and other Plaintiffs of any information or understanding of their rights under federal and state overtime laws.

-10-

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>OVERTIME</u>

61.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

62.     Defendant willfully employed Plaintiffs in the afore-mentioned enterprise for workweeks longer than forty (40) hours and failed to compensate Plaintiffs for their employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which they were employed.

63.     Defendant failed to pay overtime wages to Plaintiffs as required by the FLSA, 29 U.S.C. § 201 et seq. and its implementing regulations.

64.     Defendant's failure to pay Plaintiffs overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. § 207.

65.     Defendant's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

66.     Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT
## <u>OVERTIME</u>

67.     Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

68.     Plaintiffs were employees of Defendant within the meaning of North Carolina Wage and Hour Act, N.C. Stat. § 95-25.1 *et seq.*

69. Defendant failed to pay Plaintiffs a premium for hours worked in excess of forty (40) hours per week.

70. Defendant violated Plaintiffs' rights to overtime pay under N.C. Stat. § 95-25.4.

71. Defendant's failure to comply with the North Carolina Wage and Hour Act overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

72. Defendant's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful.

73. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages as provided by N.C. Stat. § 95-25.22.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendant:

A. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

B. Issue and Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as representative on behalf of all those similarly situated of the NCWHA class;

C. Declaring that Defendant engaged in unlawful employment practices prohibited by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the North Carolina Wage and Hour Law, N.C. Stat. § 95-25.1 *et seq.*;

D. Ordering Defendant to produce names of eligible class members and approve the required notices for mailing;

-12-

E. Declaring that Defendants' violations of wage and overtime wage protections were willful;

F. Granting judgment to Plaintiffs for their claims for unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages, and awarding Plaintiffs costs, expenses, and reasonable attorneys' fees;

G. Granting judgment to Plaintiffs for their claims for unpaid wages as secured by the NCWHA, as well as an equal amount in liquidated damages and interest, and awarding Plaintiffs costs, expenses, and reasonable attorneys' fees;

H. Awarding Plaintiffs punitive damages;

I. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

J. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted, this the 14th day of October, 2013.

<div style="display: flex;">
<div>

/s/ Jesse Rose
Jesse Rose
N.Y. State Bar No. 4645685
Phillips & Associates
Attorneys at Law, PLLC
45 Broadway, Suite 620
New York, NY 10006
Phone: 212-248-7431
Fax: 917-831-4595
Email: JRose@TPGlaws.com

ATTORNEYS FOR PLAINTIFFS

</div>
<div>

/s/ Robert O. Crawford, III
Robert O. Crawford, III
N.C. State Bar No. 12373
Crawford & Crawford, LLP
Attorneys at Law
6500 Creedmoor Road, Suite 104
Raleigh, NC 27613
Phone: 919-510-8140
Fax: 919-785-4152
Email: bcrawford@crawfordlaw.biz
Local Civil Rule 83.1 Counsel

ATTORNEYS FOR PLAINTIFFS

</div>
</div>

-13-