IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BRYAN LOMBARDOZZI, individually and on behalf of all other similarly situated persons,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSCRIPTS HEALTHCARE, LLC,<br><br>    Defendant. | Case No. 5:13-cv-00715-BO |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

**I.      NATURE OF THE CASE AND ISSUE BEFORE THE COURT**

Plaintiff, Bryan Lombardo ("Lombardo"), incorrectly identified as Bryan Lombardozzi, brings this case on behalf of himself and all other similarly situated persons. Lombardo claims that Defendant, Allscripts Healthcare, LLC ("Allscripts"), misclassified its "Database Administrators" and "Senior Database Administrators" as exempt and failed to pay them overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (NCWHA).

Lombardo's NCWHA claim fails as a matter of law because the statute's overtime requirement does not apply to entities covered by the FLSA, *i.e.*, "an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act" N.C. Gen. Stat. § 95-25.14(a). Importantly, Lombardo's complaint includes an FLSA overtime claim as well as numerous allegations supporting his contention that Allscripts is in fact an enterprise "engaged in commerce or in the production of goods for commerce" under the

1

FLSA.  Allscripts does not dispute Lombardo's allegation that it is covered by the FLSA.  The complaint, therefore, fails to "state a claim [under the NCWHA] upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Accordingly, Allscripts moves for an order dismissing the NCWHA claim with prejudice.[1]

## II.     STATEMENT OF RELEVANT FACTS

Lombardo brings his complaint against Allscripts on behalf of himself and all other similarly situated persons.  (Dkt. 1.)  He contends that Allscripts violated the FLSA and NCWHA by not paying overtime compensation to "Database Administrators" and "Senior Database Administrators" who worked in excess of 40 hours per week.[2]  (*Id.* ¶¶ 1, 18, 30.)

The complaint consists of two overtime claims.  Lombardo brings one claim under Section 207 of the FLSA, 29 U.S.C. § 207.  (*Id.* ¶ 62.)  He brings the other claim under Section 95-25.4 of the NCWHA, N.C. Gen. Stat. § 95-25.22.  (*Id.* ¶ 70.)  Lombardo premises each claim on the exact same factual allegations:

---

[1] Allscripts will file an answer, if appropriate, after the Court resolves the instant motion.  *See Justice v. Dimon*, No. 3:10-cv-413, 2011 U.S. Dist. LEXIS 60127, at *5 (W.D.N.C. June 6, 2011) ("Clearly, the rules contemplate that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendants to respond to the remainder of the Complaint."); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

[2] Lombardo defines the FLSA class as persons who worked in this capacity within three years of the complaint up to entry of judgment.  (*Id.* ¶ 18.)  He defines the NCWHA class as persons who worked in this capacity within six years of the complaint up to the entry of judgment.  (*Id.* ¶ 30.) Overtime claims under the NCWHA have a two-year limitations period, not the six-year period Lombardo asserts.  *See* N.C. Gen. Stat. § 95-25.22(f) ("Actions under this section must be brought within two years pursuant to G.S. 1-53."); *see also McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 468 n.1 (E.D.N.C. 2010) ("The court notes that the statute of limitations for plaintiffs' claims under the NCWHA is two years.").

> Throughout Plaintiff LOMBARDOZZI's tenure, Defendant required Plaintiff LOMBARDOZZI and other Plaintiffs to regularly work in excess of forty (40) hours per workweek. However, Defendant willfully failed to pay Plaintiff LOMBARDOZZI and other Plaintiffs any overtime compensation (one and one-half times their regular hourly rate) for hours worked over forty (40) per week, in violation of the FLSA and the NCWHA.

(*Id.* ¶¶ 42-43.) Lombardo contends that Allscripts misclassified him and other members of the putative class as exempt. (*Id.* ¶¶ 30, 49.)

Lombardo asserts that Allscripts "is liable as an 'employer' under the FLSA" (*Id.* ¶ 13), alleging as follows:

> At all times relevant to this action, Plaintiff LOMBARDOZZI and other Plaintiffs were employed by Defendant within the meaning of the FLSA.

> At all times relevant to this action, Plaintiff LOMBARDOZZI and other Plaintiffs engaged in commerce and/or Defendant was engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

> At all times relevant to this action, Defendant transacted commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question.

(*Id.* ¶¶ 24-26.) Allscripts does not dispute that it is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

## III. LAW AND ARGUMENT

### A. Rule 12(b)(6) Standard

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To that end, the rule allows a defendant to seek dismissal when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When evaluating the sufficiency of a complaint, the 'well-pleaded

3

allegations' in the complaint must be accepted as true, and inferences from those facts must be made in the plaintiff's favor." *Edwards*, 178 F.3d at 244. Dismissal under 12(b)(6) is proper if a legal claim fails as a matter of law. *See Freedman v. United States*, No. 7:13-cv-92-FL, 2013 U.S. Dist. LEXIS 110452, at *7 (E.D.N.C. Aug. 6, 2013). Dismissal is likewise appropriate if the complaint does not contain factual allegations sufficient to state a claim to relief that is "plausible" on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B.      The NCWHA claim fails as a matter of law.**

The NCWHA provides that "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week . . . ." N.C. Gen. Stat. § 95-25.4. Subject to certain exclusions not applicable here, the minimum wage, overtime, youth employment, and record keeping provisions of the NCWHA do not apply to "[a]ny person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act" *Id.* § 95-25.14(a).

The FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor." 29 U.S.C. § 203(r)(1). An "[e]nterprise engaged in commerce or in the production of goods for commerce" includes an "enterprise" (1) that "has employees engaged in commerce or in the production of goods for commerce, or that has

4

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Id.* § 203(s)(1)(A).

Not only does Lombardo assert an overtime claim under Section 207 of the FLSA, but the complaint includes allegations that Allscripts "employed" him and members of the putative class for purposes of the FLSA and is otherwise an entity covered by the statute. In particular, Lombardo claims that he and others "were employed by Defendant within the meaning of the FLSA," contends that he and others within the putative class "engaged in commerce and/or [that] Defendant was engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a)," and alleges that "Defendant transacted commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question." (Dkt. 1 ¶¶ 24-26.)

North Carolina federal courts routinely reject NCWHA claims when the defendant is covered, or allegedly covered, by the FLSA. Judge Howard of the Eastern District addressed this issue in *Spencer v. Hyde County*, explaining that "[t]he North Carolina Supreme Court has indicated that if a defendant is covered by the FLSA, it is exempt from the state statute." *Spencer v. Hyde County*, 959 F. Supp. 721, 728 (E.D.N.C. 1997) (*citing Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992)). Judge Howard granted summary judgment to the defendants on the plaintiffs' NCWHA minimum wage claim, finding the plaintiffs represented that the defendants are "engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)" and further noting that "since Hyde County argues that plaintiffs' claim under the

NCWHA is preempted because the FLSA applies, they evidently concede that plaintiffs' entitlement to a minimum wage and overtime pay for on-call time is governed by the FLSA." *Id.*

Magistrate Judge Howell of the Western District reached a similar conclusion in *Bonham v. Wolf Creek Academy*:

> In plaintiffs' Second Cause of Action, they assert a claim for unpaid overtime wages under the [NCWHA]. Plaintiffs have, however, asserted in their First Cause of Action a claim under the FLSA for unpaid overtime. As a matter of state law, the NCWHA has by the language of the statute no application where the FLSA governs the employer-employee relationship.

767 F. Supp. 2d 558, 565 (W.D.N.C. 2010), *adopted*, 2011 U.S. Dist. LEXIS 12755 (W.D.N.C. Feb. 8, 2011). Judge Howell granted the defendants Rule 12(b)(6) motion, rejecting the plaintiffs' argument that it could not dismiss the NCWHA claim until the court "definitely determine[d] whether the FLSA controls." *Id.* at 565. Citing the defendants' admission of enterprise coverage under Section 203(s)(1) and acknowledgment that the FLSA is the appropriate claim for overtime wages, Judge Howell found that "it appears clear to the court that any claim plaintiffs may have for unpaid overtime will be governed by the FLSA . . . ." *Id.*

The same result is required here. Lombardo brings an overtime claim under both the FLSA and NCWHA. As set forth above, North Carolina law does not permit Lombardo to pursue an overtime claim under the NCWHA because, as he contends, Allscripts is covered by the FLSA. Lombardo cannot avoid this result by claiming that the Court must first resolve whether the FLSA applies. Foremost, such position is contrary to the allegations in Lombardo's own complaint, which remain the touchstone under Rule 12(b)(6). Moreover, Allscripts does not dispute that it is an "enterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA. Under these circumstances, permitting Lombardo to pursue the NCWHA claim is contrary to the plain language of Section 95-25.14(a), the rulings of other

6

district courts, and judicial economy. The Court should therefore dismiss the NCWHA claim with prejudice.

## IV. CONCLUSION

Lombardo alleges that Allscripts is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA. Allscripts does not dispute this allegation. Consequently, Lombardo cannot pursue an overtime claim against Allscripts under the NCWHA. *See* N.C. Gen. Stat. § 95-25.14(a). For these reasons, Allscripts respectfully requests that the Court dismiss the NCWHA claim with prejudice.

Dated: November 15, 2013

*/s/ W. Swain Wood*

W. Swain Wood
(NC Bar No. 32037)
swood@woodjackson.com
John T. Kivus
(NC Bar No. 42977)
jkivus@woodjackson.com
**WOOD JACKSON PLLC**
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
(919) 829-7394
(919) 829-7396 (fax)

Stephanie S. Kelly, skelly@littler.com
IL Bar No. 6275880
Michael J. Lehet, mlehet@littler.com
AZ Bar No. 24724; IL Bar. No. 6307620
**LITTLER MENDELSON**
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

Attorneys for Defendant

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 15, 2013, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert O. Crawford, III
bcrawford@crawfordlaw.biz
CRAWFORD & CRAWFORD, LLP
6500 Creedmoor Road, Suite 104
Raleigh, NC 27613
Telephone: 919.510.8140
Facsimile: 919.785.4152

Jesse C. Rose
jrose@tpglaws.com
PHILLIPS & ASSOCIATES, PLLC
45 Broadway, Suite 620
New York, NY 10006
Telephone: 212.248.7431
Facsimile: 917.831.4595

Attorneys for Plaintiff

*/s/ W. Swain Wood*
W. Swain Wood
(NC Bar No. 32037)
swood@woodjackson.com
John T. Kivus
(NC Bar No. 42977)
jkivus@woodjackson.com
**WOOD JACKSON PLLC**
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
(919) 829-7394
(919) 829-7396 (fax)

Stephanie S. Kelly, skelly@littler.com
IL Bar No. 6275880
Michael J. Lehet, mlehet@littler.com

8

AZ Bar No. 24724; IL Bar No. 6307620
**LITTLER MENDELSON**
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5530
Facsimile: 312.372.7880

Attorneys for Defendant

Firmwide:124093639.1 079231.1001

9