Case No. 5:13-cv-00715-BO

| | |
|---|---|
| BRYAN LOMBARDOZZI, *Individually and* | ) |
| *On behalf of all other similarly situated persons,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLSCRIPTS HEALTHCARE, LLC | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ALLSCRIPTS' MOTION FOR PARTIAL DISMISSAL

Plaintiff, Bryan Lombardozzi ("Lombardozzi")[1], through counsel, pursuant to Local Civil Rules 7.1 and 7.2, herewith responds to the arguments put forward by Defendant Allscripts Healthcare, LLC ("Allscripts") in support of Defendant Allscripts' motion dated November 15, 2013, which motion seeks to dismiss Plaintiff's claims under the North Carolina Wage and Hour Act ("NCWHA") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants claim that Plaintiff cannot state a claim under the NCWHA because the Fair Labor Standards Act ("FLSA") applies to Defendant Allscripts. Defendant's motion should be granted to the extent that their statements made within their unsworn memorandum of law are given *collateral estoppel* effect and held to be binding on Defendant Allscripts throughout this litigation.

---

[1] Defendant claims that Plaintiff's name is not Bryan Lombardozzi without any support, seemingly stating that Plaintiff does not know his own legal name. It is true that at times Plaintiff Lombardozzi has shortened his name and been known as "Bryan Lombardo," however, his legal name and the name to which his paychecks were issued from Defendant Allscripts is Bryan Lombardozzi.

## NATURE OF THE CASE

Plaintiff has brought the instant matter under the FLSA and NCWHA to recover unpaid overtime wages or any additional compensation for hours worked in excess of forty (40) during the workweek. Defendants improperly categorized Plaintiff as exempt from overtime and paid him only a salary. This categorization was improper and Plaintiff is entitled to lost wages as a result. Plaintiff also asserts these claims on behalf of all other similarly situated individuals as a class and collective action.

## STATEMENT OF FACTS

Plaintiff Lombardozzi worked for Defendant Allscripts in Raleigh, North Carolina as a Senior Database Administrator from on or about June 20, 2011 through January 21, 2012. Complaint, ¶¶ 11, 40, 48. During that time, Plaintiff Lombardozzi was mandated to work between seventy (70) and ninety (90) hours per week without being paid any overtime premium for hours worked in excess of forty (40) hours per week. Id. ¶¶ 46, 49-50. Plaintiff Lombardozzi filed his claims on behalf of all employees subjected to this policy in the same or similar job title under both the FLSA and NCWHA. Id. ¶¶ 17-39.

## ARGUMENT

### I. Legal Standard

FRCP Rule 12(b)(6) states that a claim will be dismissed if it "fail[s] to state a claim upon which relief can be granted." FRCP 12(b)(6). This Rule incorporates FRCP Rule 8(a)(2) which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); *see Bell Atlantic Corp. et al. v. Twombly et al.,* 550 U.S. 544, 555 (2007). This rule does not require "detailed factual allegations." *Id.* However, this Rule does require that the statements in the complaint, if accepted as true, make

the violation of law "plausible on its face." *Id.* at 570. Under this standard, Plaintiff's claims under the NCWHA should be dismissed only if Defendant's admissions as to the applicability of the FLSA are binding. Otherwise, Plaintiff's claims should remain until it is proven that the FLSA applies.

## II. Defendant's Admissions Must be Given *Collateral Estoppel* Effect if the NCWHA Claims are Dismissed

Defendant Allscripts states within the body of the memorandum in support of the Motion to Dismiss that "Allscripts does not dispute that it is an 'enterprise engaged in commerce or in the production of goods for commerce' as defined by the FLSA." Defendant's Memorandum p. 6. That admission was not made to Plaintiff or his counsel prior to this motion and, provided that this admission is given the same effect as a finding of the Court, Plaintiff will consent to having the NCWHA claims dismissed from the Complaint. The Court in *Bonham v. Wolf Creek Acad.,* 767 F. Supp. 2d 558 (W.D.N.C. 2010), cited to support Defendant's request, only found that that plaintiff's claims were dismissible after the defendants "stipulate[d] that 'the FLSA is the appropriate claim for overtime wages.'" *Id.* at 565. Here, Defendant did not stipulate to the same effect or offer such a stipulation prior to moving for relief. If Defendant had made this offer, motion practice could have been avoided entirely.

**CONCLUSION**

Due to Defendant's admission, Plaintiff does not contend that the dismissal of Plaintiff's claims under the NCWHA should be dismissed provided that Defendant's admission has a binding effect. If Defendant's admission is not binding, then the claims should remain as, if Defendant later challenged the applicability of the FLSA, it could be viable for Plaintiff to pursue his claims under the NCWHA.

-3-

Respectfully submitted, this the 6th day of December, 2013.

/s/ Jesse Rose
Jesse Rose
N.Y. State Bar No. 4645685
Phillips & Associates
Attorneys at Law, PLLC
45 Broadway, Suite 620
New York, NY  10006
Phone: 212-248-7431
Fax: 917-831-4595
Email: JRose@TPGlaws.com

ATTORNEYS FOR PLAINTIFFS

/s/ Robert O. Crawford, III
Robert O. Crawford, III
N.C. State Bar No. 12373
Crawford & Crawford, LLP
Attorneys at Law
6500 Creedmoor Road, Suite 104
Raleigh, NC  27613
Phone: 919-510-8140
Fax: 919-785-4152
Email: bcrawford@crawfordlaw.biz
Local Civil Rule 83.1 Counsel

ATTORNEYS FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Swain Wood
swood@woodjackson.com
John T. Kivus
jkivus@woodjackson.com
WOOD JACKSON PLLC
1330 St. Mary's Street, Suite 460
Raleigh, NC 27605
*Attorneys for Defendant*

I certify that I have mailed the document to the following non CM/ECF participants:

Stephanie S. Kelly
skelly@littler.com
Michael J. Lehet
mlehet@littler.com
LITTLER MENDELSON
321 North Clark Street, Suite 1000
Chicago, IL 60654
*Attorneys for Defendant*

Respectfully submitted,

s/ Robert O. Crawford, III
Robert O. Crawford, III
N.C. State Bar No. 12373
Crawford & Crawford, LLP
Attorneys at Law
6500 Creedmoor Road, Suite 104
Raleigh, NC 27613
Phone: 919-510-8140
Fax: 919-785-4152
Email: bcrawford@crawfordlaw.biz
Local Civil Rule 83.1 Counsel

ATTORNEYS FOR PLAINTIFFS

-5-