| | |
|---|---|
| BRYAN LOMBARDOZZI, individually and on behalf of all other similarly situated persons,<br><br>       Plaintiff,<br><br>vs.<br><br>ALLSCRIPTS HEALTHCARE, LLC,<br><br>       Defendant. | Case No. 5:13-cv-00715-BO |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

## I.    INTRODUCTION

Defendant, Allscripts Healthcare, LLC ("Allscripts"), files this reply in support of its motion for partial dismissal of the complaint. In his response, Plaintiff, Bryan Lombardo ("Lombardo"),[1] acknowledges that the overtime requirement of the North Carolina Wage and Hour Act (NCWHA) does not apply where the employer is "an enterprise engaged in commerce or in the production of goods for commerce," as defined by the Fair Labor Standards Act (FLSA). *See* N.C. Gen. Stat. § 95-25.14(a). Nor does he dispute that Allscripts is an enterprise under the FLSA, as Lombardo alleges in the complaint and Allscripts admits in its motion. Lombardo at most states that "Defendant's motion should be granted to the extent that their

---

[1] Lombardo takes issue with Allscripts' statement that the complaint incorrectly identifies him as "Bryan Lombardozzi" rather than "Bryan Lombardo," but acknowledges "that at times Plaintiff Lombardozzi has shortened his name and been known as 'Bryan Lombardo' . . ." (D.E. 13 at p. 1 n.1.) The Court's resolution of this motion does not turn on whether Plaintiff is identified as "Bryan Lombardozzi" or, as Allscripts' personnel records state, "Bryan Lombardo."

statements made within their unsworn memorandum of law are given collateral estoppel effect and held to be binding on Defendant Allscripts throughout this litigation." (D.E. 13 at p. 1.)

As set forth below, the law on this issue makes clear that dismissal of an overtime claim under the NCWHA is proper when the complaint alleges enterprise coverage and the defendant, in a Rule 12 motion, admits enterprise coverage. That is precisely what occurred here and, therefore, Allscripts respectfully requests that the Court dismiss Lombardo's NCWHA claim. Although Allscripts makes this admission, and such admission will have a binding effect in this litigation, Allscripts reserves its right to otherwise dispute liability under the FLSA, including, but not limited to, asserting applicable exemptions.

## II.    PLAINTIFF'S RESPONSE AND DEFENDANT'S REPLY ARGUMENTS

Lombardo concedes that the NCWHA overtime requirement does not apply where the employer is covered by the FLSA. (D.E. 13.) Moreover, Lombardo does not dispute that the FLSA applies to Allscripts. (*Id*.) At most, Lombardo notes that Allscripts did not file a sworn statement or otherwise "stipulate" that the FLSA applies. (*Id.* at p. 3.) To support this position, Lombardo cites to *Bonham v. Wolf Creek Academy*, 767 F. Supp. 2d 558 (W.D.N.C. 2010), *adopted*, 2011 U.S. Dist. LEXIS 12755 (W.D.N.C. Feb. 8, 2011). (D.E. 13 at p. 3.) According to Lombardo, the court in *Bonham* dismissed the NCHWA claims only after the defendants stipulated to dismissal. (*Id*.) Attempting to distinguish this case, Lombardo argues, "Here, Defendants did not stipulate to the same effect or offer such a stipulation prior to moving for relief," representing, "If Defendant had made this offer, motion practice could have been avoided entirely." (*Id*.) Despite this argument, Lombardo agrees that dismissal is appropriate but conditions it on Allscripts' admission having collateral estoppel effect. (*Id*.)

Lombardo mischaracterizes *Bonham*. For the Court's reference, Allscripts attaches the relevant motion, response, reply, and orders in *Bonham*. *See* Exhibit 1. As these materials reveal, the defendants in *Bonham* did not submit any sworn statement to support their motion to dismiss the NCWHA claim. *See id.* (D.E. 13, 18.) Nor, by any account, did the parties enter into a stipulation to FLSA coverage. *See id.* (D.E. 13, 17-19, 27.) In fact, the *Bonham* defendants took the exact same approach as Allscripts, moving to dismiss based on (1) the allegations in the complaint, and (2) their admission, in the motion and reply, to FLSA coverage:

> As in *Spencer*, the Bonhams have alleged in their Complaint that Defendants "were an enterprise engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)." *See* Compl. 76. Although denying any liability, Defendants concede for purposes of this motion that the Bonhams' claim for unpaid overtime wages is governed by the FLSA and that Wolf Creek Academy was and is an enterprise pursuant to 29 U.S.C. § 203(s)(1)(B). Accordingly, the Bonhams' NCWHA claim should be dismissed.
>
> * * *
>
> To be clear, Defendants are admitting that Wolf Creek Academy is an enterprise under 29 U.S.C. § 203(s)(1)(B) for purposes of this action. It certainly was not Defendants' intent from their original Brief to, as stated in Plaintiffs' response, "reserve[] the right to later challenge the FLSA's applicability." While Defendants dispute any liability, and reserve the right to assert any applicable exemptions under the FLSA, it is clear that the FLSA is the appropriate claim for overtime wages and that a claim under the NCWHA cannot be simultaneously maintained.

*Id.* (D.E. 13 at p. 3; D.E. 18 at p. 1.)

Although the court described this admission as a stipulation, it is clear from the attached materials that the court was referring to Defendants' admission in the motion and reply. *See id.* (D.E. 19 at p. 6.) Therefore, admitting to FLSA coverage is sufficient grounds to dismiss a NCWHA claim under Rule 12(b)(6). Because Lombardo alleges enterprise coverage and Allscripts does not dispute such coverage in its motion (and this reply), the Court should follow *Bonham* and dismiss the NCWHA claim.

3

Conditioning dismissal on the admission having collateral estoppel effect, as Lombardo urges, does not change this result. Allscripts' acknowledgment that it is an enterprise engaged in commerce, or in the production of goods for commerce, is an admission that will bind Allscripts for purposes of this litigation. Despite this admission, and any collateral estoppel it may create, Allscripts reserves its right to otherwise dispute liability under the FLSA. *See id.* (D.E. 18 at p. 1.)

III.    CONCLUSION

Allscripts does not dispute Lombardo's allegation that it is an enterprise engaged in commerce, or in the production of goods for commerce, as defined by the FLSA. Lombardo, in turn, does not dispute that plaintiffs cannot pursue NCWHA overtime claims against an entity covered by the FLSA. *See* N.C. Gen. Stat. § 95-25.14(a). As set forth above, it is sufficient that Allscripts make this admission in its moving papers. Therefore, because there is no dispute on this issue, and no further action by the parties is necessary, Allscripts asks the Court to dismiss the NCWHA claim with prejudice.

4

Dated: December 23, 2013

/s/ Stephanie S. Kelly
Stephanie S. Kelly
(IL Bar No. 6275880)
skelly@littler.com
Michael J. Lehet
(AZ Bar No. 24724; IL Bar No. 6307620
mlehet@littler.com
**LITTLER MENDELSON, P.C.**
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

/s/ W. Swain Wood
W. Swain Wood
(NC Bar No. 32037)
swood@woodjackson.com
John T. Kivus
(NC Bar No. 42977)
jkivus@woodjackson.com
**WOOD JACKSON PLLC**
1330 St. Mary's Street, Suite 460
Raleigh, NC  27605
Telephone: 919.829.7394
Facsimile: 919.829.7396

Attorneys for Defendant

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 23, 2013, I electronically filed the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert O. Crawford, III
bcrawford@crawfordlaw.biz
CRAWFORD & CRAWFORD, LLP
6500 Creedmoor Road, Suite 104
Raleigh, NC 27613
Telephone: 919.510.8140
Facsimile: 919.785.4152

Jesse C. Rose
jrose@tpglaws.com
PHILLIPS & ASSOCIATES, PLLC
45 Broadway, Suite 620
New York, NY 10006
Telephone: 212.248.7431
Facsimile: 917.831.4595

Attorneys for Plaintiff

/s/ Stephanie S. Kelly
Stephanie S. Kelly
(IL Bar No. 6275880)
skelly@littler.com
Michael J. Lehet
(AZ Bar No. 24724; IL Bar No. 6307620
mlehet@littler.com
**LITTLER MENDELSON, P.C.**
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

/s/ W. Swain Wood
W. Swain Wood
(NC Bar No. 32037)
swood@woodjackson.com

6

John T. Kivus
(NC Bar No. 42977)
jkivus@woodjackson.com
**WOOD JACKSON PLLC**
1330 St. Mary's Street, Suite 460
Raleigh, NC  27605
Telephone: 919.829.7394
Facsimile: 919.829.7396

Attorneys for Defendant

7