IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-715-BO

BRYAN LOMBARDOZZI, *Individually and on behalf of all other similarly situated persons*,

    Plaintiffs,

v.

ALLSCRIPTS HEALTHCARE, LLC,

    Defendant.

**ORDER**

This matter is before the Court on defendant's motion for partial dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) [DE 11]. The motion is ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED.

## **BACKGROUND**

Plaintiff, Bryan Lombardozzi, brings this case on behalf of himself and all other similarly situated persons. Lombardozzi claims that defendant, Allscripts Healthcare, LLC ("Allscripts"), misclassified its "Database Administrators" and "Senior Database Administrators" as exempt and failed to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Defendant claims that plaintiff's NCWHA claim fails as a matter of law because the statute's overtime requirement does not apply to entities covered by the FLSA and Allscripts does not dispute the allegation that it is covered by the FLSA.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The NCWHA provides that "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours worked in excess of 40 per week. . . ." N.C. Gen. Stat. § 95-25.4. Subject to certain exclusions not applicable in this case, the overtime provision of the NCWHA does not apply to "[a]ny person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act." *Id.* § 95-25.14(a).

The FLSA defines enterprise as "the related activities performed (either through unified operations or common control) by any person or persons for a common business purpose, and

2

includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor." 29 U.S.C. § 203(r)(1). An "[e]nterprise engaged in commerce or in the production of goods for commerce" includes an "enterprise" that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Id.* § 203(s)(1)(A).

Here, Lombardozzi asserts an overtime claim under Section 207 of the FLSA and also alleges that Allscripts employed him and members of the putative class for purposes of the FLSA and is otherwise an entity covered by the statute. In particular, Lombardozzi claims that he and others "were employed by defendant within the meaning of the FLSA," contends that he and others within the putative class "engaged in commerce and/or [that] defendant was engaged in commerce including interstate commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a)," and alleges that "defendant transacted commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question." [DE 1 ¶ 24–26].

Federal courts in North Carolina have routinely rejected NCWHA claims when the defendant is covered, or allegedly covered by the FLSA. *See, e.g. Spencer v. Hyde Cnty.*, 959 F. Supp. 721, 728 (E.D.N.C. 1997) (citing *Amos v. Oakdale Knitting Co.*, 416 S.E.2d 166 (N.C. 1992)) (explaining that "[t]he North Carolina Supreme Court has indicated that if a defendant is

3

covered by the FLSA, it is exempt from the state statute."). The *Spencer* court granted summary judgment in favor of defendants on the NCWHA claim at issue after finding that plaintiffs represented that the defendants "engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)" and noting that "since Hyde County argues that plaintiffs' claim under the NCWHA is preempted because the FLSA applies, they evidently concede that plaintiffs' entitlement to a minimum wage and overtime pay for on-call time is governed by the FLSA." *Spencer*, 959 F. Supp. at 728. In *Bonham v. Wolf Creek Academy*, the court found that "[a]s a matter of state law, the NCWHA has by the language of the statute no application where the FLSA governs the employer-employee relationship" and granted the defendants Rule 12(b)(6) motion rejecting plaintiffs argument that it could not dismiss the NCWHA claim until the court "definitely determine[d] whether the FLSA controls." 767 F. Supp. 2d 558, 565 (W.D.N.C. 2010), *adopted*, 2011 U.S. Dist. LEXIS 12755 (W.D.N.C. Feb. 8, 2011). Citing the defendants' admission of enterprise coverage under Section 203(s)(1) and acknowledgment that the FLSA is the appropriate claim for overtime wages, the *Bonham* court found that "it appears clear to the court that any claim plaintiffs have for unpaid overtime will be governed by the FLSA...." *Id.*

Here, Allscripts admits that it is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA. Further Allscripts agrees with plaintiff that this admission binds it for purposes of this litigation while reserving its right to otherwise dispute liability under the FLSA. Plaintiff concedes that the NCWHA overtime requirement does not apply where the employer is covered by the FLSA, and does not dispute that the FLSA applies to Allscripts. In light of the parties agreement on this point and considering the legal authorities cited, this Court agrees that plaintiff's NCWHA claim must be dismissed as it cannot be brought where the FLSA governs.

4

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED. The North Carolina Wage and Hour Act claim is DISMISSED. Plaintiff's Fair Labor Standards Act claim may proceed in its entirety.

SO ORDERED.

This the **47** day of January, 2014

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5